

FILED

JUL -8 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES F. CHRISTIAN,

    Petitioner,

v.

HEDGPETH, Warden,

    Respondent.

No. C 14-00452 BLF (PR)

**ORDER OF DISMISSAL**

    Petitioner, a California prisoner currently incarcerated at the Salinas Valley State Prison in Soledad, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief for denial of medical treatment. Petitioner has paid the filing fee. (*See* Docket No. 8.)

## DISCUSSION

### A. Standard of Review

    This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

    It shall "award the writ or issue an order directing the respondent to show

Order of Dismissal
P:\PRO-SE\BLF\HC.14\00452Christian_dism(hc-cr).wpd

the applicant or person detained is not entitled thereto." Id. § 2243.

B. **Legal Claims**

Petitioner alleges that Dr. Gamboa has provided inadequate medical treatment for his complaints of severe chest and rib pains which amounts to deliberate indifference to serious medical needs. He makes no claims challenging his underlying conviction or the duration of his sentence.

It is well established in this circuit that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). The preferred practice in the Ninth Circuit also has been that challenges to conditions of confinement should be brought in a civil rights complaint. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). Here, Petitioner's medical claim challenges the condition of confinement, which, if successful, would have no impact on either the fact or duration of his confinement. Accordingly, this claim must be raised in a civil rights complaint rather than a habeas petition.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to

the claims, and potential absence of an adequate prayer for relief.

Additionally, there is doubt whether the prisoner is willing to pay the $400.00 civil action filing fee to pursue his claims. While a prisoner may think he has found a loophole that allows him to avoid paying the $400.00 filing fee by filing in habeas, the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be charged the $400.00 filing fee to proceed with actions challenging conditions of confinement. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

## CONCLUSION

For the foregoing reasons, this action for a writ of habeas corpus is **DISMISSED** without prejudice to Petitioner raising his medical claim in a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form, after he has exhausted California's prison administrative remedies. *See* 42 U.S.C. § 1997e(a).

The Clerk is instructed to include two copies of the prisoner civil rights complaint form to Petitioner with a copy of this order. The Clerk shall transfer this matter and terminate any pending motions.

**IT IS SO ORDERED.**

DATED: July 8, 2014

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
P:\PRO-SE\BLF\HC.14\00452Christian_dism(hc-cr).wpd     3